Debora Rostamkhani, Esq. (SBN 334342)
**CALI LAW FIRM, APC**
2601 Airport Drive, Suite 240
Torrance, CA 90505
Telephone: (818) 861-6555
Facsimile: (818) 864-0010
Email: info@calilawfirm.com

Attorney for Plaintiff,
**MICHAEL AMINI**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AMINI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company; KEYES EUROPEAN, LLC, a California Limited Liability Company d/b/a KEYES EUROPEAN; TROPHY AUTOMOTIVE DEALER GROUP, LLC, a Delaware Limited Liability Company d/b/a MERCEDES-BENZ OF ENCINO, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-03249-WLH(SKx)<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Pursuant to Fed. R. Civ. P. 15(a)(1))**<br><br>**1. VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**<br>**2. VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**<br>**3. VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2**<br>**4. NEGLIGENT REPAIR**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, MICHAEL AMINI, an individual ("Plaintiff"), alleges as follows against Defendant, MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company ("MERCEDES-BENZ USA, LLC"), KEYES EUROPEAN, LLC, a California Limited Liability Company d/b/a KEYES EUROPEAN ("KEYES EUROPEAN"), TROPHY AUTOMOTIVE DEALER GROUP, LLC, a Delaware Limited Liability Company d/b/a MERCEDES-BENZ OF ENCINO ("MERCEDES-BENZ OF ENCINO"), and DOES 1 through 10 inclusive, on information and belief, formed after a reasonable inquiry under the circumstances:

**DEMAND FOR JURY TRIAL**

1. Plaintiff, MICHAEL AMINI, hereby demands trial by jury in this action.

**GENERAL ALLEGATIONS**

2. Plaintiff, MICHAEL AMINI, is an individual residing in the City of Studio City, State of California.

3. Defendant, MERCEDES-BENZ USA, LLC is and was a Delaware Limited Liability Company operating and doing business in the State of California.

4. Defendant, KEYES EUROPEAN, is and was a California Limited Liability Company registered to do business in the State of California with its principal place of business in the City of Woodland Hills, State of California. Upon information and belief, KEYES EUROPEAN'S managing member, Howard A. Keyes, is an individual who resides and conducts business in City of Woodland Hills, State of California. Accordingly, KEYES EUROPEAN is a citizen of the State of California for purposes of diversity jurisdiction.

5. Defendant, MERCEDES-BENZ OF ENCINO, is and was a Delaware Limited Liability Company registered to do business in the State of California with its principal place of business in the City of Carson, State of California. Upon information and belief, MERCEDES-BENZ OF ENCINO's managing member, Nasser Watar, is an individual who resides and conducts business in the City of Carson, State of California. Accordingly, TROPHY AUTOMOTIVE DEALER GROUP, LLC is a citizen of the State of California for purposes of diversity jurisdiction.

6. These causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle Plaintiff purchased and for which MERCEDES-

BENZ USA, LLC issued a written warranty. The warranty was not issued by the selling dealership.

7. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual, or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences, and transactions set forth herein, and are legally liable to Plaintiff. Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

8. All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

9. Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

10. On February 2, 2022, Plaintiff purchased a 2021 Mercedes Benz, having VIN No.: W1NYC7HJXMX422010 ("the Subject Vehicle"). These causes of action arise out of warranty and repair obligations of MERCEDES-BENZ USA, LLC in connection with a vehicle that Plaintiff purchased and for which MERCEDES-BENZ USA, LLC issued a written warranty. The warranty was not issued by the selling dealership.

11. MERCEDES-BENZ USA, LLC warranted the Subject Vehicle and agreed to preserve or maintain the utility or performance of Plaintiff's vehicle or to provide compensation if there was a failure in such utility or performance. In connection with the purchase, Plaintiff received various warranties, inter alia, a 4-year/50,000-mile basic comprehensive warranty, a 4-year/50,000 mile powertrain warranty which, inter alia, covers the engine and the transmission, as well as various emissions warranties that exceed the time and mileage limitations of the bumper to bumper and powertrain warranties.

12. The Subject Vehicle was delivered to Plaintiff with serious defects and

nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, engine, and electrical system defects.

13. On or about October 4, 2023, Plaintiff first presented the Subject Vehicle for repairs, reporting that the check engine light was on, the Eco Start/Stop system failing to engage automatically, and the Blind Spot Assist system being inoperative. The Subject Vehicle remained at the facility until October 10, 2023.

14. On or about September 6, 2024, Plaintiff presented the Subject Vehicle for repairs, reporting camera display blank, fuel pump replacement vehicle location inaccurate, local speed limit feature malfunctioning, and issues with the speaker. The Subject Vehicle remained at the facility until September 26, 2024,

15. On or about September 27, 2024, the Plaintiff returned the Subject Vehicle for repairs, reporting that the vehicle location was not updating, and the previous issues had not been resolved. The Plaintiff was informed that the necessary parts were unavailable and had to take the vehicle back. Additionally, the screen malfunctioning issue was never repaired. The vehicle remained at the facility until October 23, 2024.

16. The Subject Vehicle was out of service for a cumulative total of approximately 55 days due to defects, malfunctions, and the failure of the manufacturer and/or authorized repair facility to properly diagnose and repair the issues. Despite multiple repair attempts, the defects were not remedied, causing substantial impairment to the use, value, and safety of the Subject Vehicle. As a result, Plaintiff has suffered significant inconvenience, loss of use, and diminished value of the Subject Vehicle.

17. Plaintiff further alleges that a formal demand for repurchase of the Subject Vehicle was sent via certified mail on October 30, 2024. The manufacturer failed to acknowledge this demand. A second demand was sent on January 7, 2025, which was subsequently denied on February 24, 2025.

18. Plaintiff further alleges that the screen malfunction has occurred on multiple occasions, particularly while driving. Video evidence of these malfunctions has been provided to the manufacturer. These malfunctions pose significant safety risks, including the loss of essential

functionalities such as navigation, climate control, safety notifications, Bluetooth connectivity, radio, and backup camera features. The absence of a functioning backup camera creates a serious hazard when parking or maneuvering, increasing the likelihood of collisions with property, other vehicles, or pedestrians due to blind spots. Additionally, the malfunction has compromised critical driver assistance features, further impairing vehicle control and increasing the risk of accidents. The malfunctioning screen is not only a distraction but also a source of confusion for the driver, heightening the risk of dangerous driving conditions.

19. Plaintiff asserts that this screen malfunction is a documented and ongoing issue with G63 screens. Despite the known defect and the serious safety risks it creates, the manufacturer has failed to provide the necessary repair or replacement due to the part's continued unavailability. This failure constitutes a breach of the manufacturer's obligations under the warranty and applicable consumer protection laws.

20. Plaintiff hereby revokes acceptance of the Purchase Agreement.

21. Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil Code sections 1790 *et seq.* the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the vehicle primarily for those purposes.

22. Plaintiff is a "buyer" of consumer goods under the Act.

23. Defendant, MERCEDES-BENZ USA, LLC, is a "manufacturer" and/or "distributor" under the Act.

24. Plaintiff hereby demands trial by jury in this action.

## **<u>FIRST CAUSE OF ACTION</u>**

### **Violation of the Song-Beverly Act – Breach of Express Warranty**

1. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

2. The Subject Vehicle was purchased to Plaintiff with express warranties that the Subject Vehicle would be free from defects in materials, nonconformity, or workmanship during the applicable warranty period and to the extent that the Subject Vehicle had defects, Defendant MERCEDES-BENZ USA, LLC would repair the defects.

3. The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, engine, emission, and electrical system defects.

4. Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the Subject Vehicle primarily for those purposes.

5. Plaintiff is the "buyer" of consumer goods under the Act.

6. Defendant, MERCEDES-BENZ USA, LLC, is a "manufacturer" and/or "distributor" under the Act.

7. The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the vehicle.

8. Plaintiff delivered the vehicle to an authorized MERCEDES-BENZ USA, LLC repair facility for repair of the nonconformities.

9. Defendant was unable to conform Plaintiff's vehicle to the applicable express warranty after a reasonable number of repair attempts.

10. Notwithstanding Plaintiff's entitlement, Defendant MERCEDES-BENZ USA, LLC has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

11. By failure of Defendant to remedy the defects as alleged above or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

12. Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities.

13. Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

14. Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably

incurred in connection with the commencement and prosecution of this action.

15. Because Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for MERCEDES-BENZ USA, LLC's willful failure to comply with its responsibilities under the Act.

## SECOND CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Implied Warranty

16. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

17. MERCEDES-BENZ USA, LLC and its authorized dealership at which Plaintiff purchased the Subject Vehicle had reason to know the purpose of the Subject Vehicle at the time of purchase of the Subject Vehicle. The Subject Vehicle was accompanied by implied warranties provided for under the law.

18. Among other warranties, the Subject Vehicle was accompanied by an implied warranty that the Subject Vehicle was merchantable pursuant to Civil Code section 1792.

19. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

20. The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

21. The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

22. The Subject Vehicle was not of the same quality as those generally accepted in the trade because it was purchased with one or more defective vehicle systems/components which manifested as engine, emission, and electrical system defects.

23. Upon information and belief, the defective vehicle systems and components were present at the time of purchase of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

24. Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq*.

25. Plaintiff hereby revokes acceptance of the Subject Vehicle.

26. Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq*.

27. Plaintiff is entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

28. Plaintiff is entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

## THIRD CAUSE OF ACTION

**Violation of the Song-Beverly Act Section 1793.2(b)**

29. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

30. Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

31. Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods are necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

32. Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

33. The purchase of the Subject Vehicle was accompanied by express warranties, including

a warranty guaranteeing that the Subject Vehicle was safe to drive and not equipped with defective parts, including the engine, emission, and electrical system defects.

34. Plaintiff delivered the Subject Vehicle to MERCEDES-BENZ USA, LLC's authorized service representatives on multiple occasions. The Subject Vehicle was delivered for repairs of defects, which amount to nonconformities to the express warranties that accompanied the purchase of the Subject Vehicle.

35. Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time, and MERCEDES-BENZ USA, LLC has failed to tender the Subject Vehicle back to Plaintiff in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

36. Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq*.

37. Plaintiff hereby revokes acceptance of the Subject Vehicle.

38. Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq*.

39. Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq*. and Commercial Code, section 2711.

40. Plaintiff is entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq*.

41. Plaintiff is entitled to recover all incidental and consequential damages pursuant to 1794 *et seq* and Commercial Code sections, 2711, 2712, and 2713 *et seq*.

42. Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that MERCEDES-BENZ USA, LLC has willfully failed to comply with its responsibilities under the Act.

**FOURTH CAUSE OF ACTION**

**Negligent Repair**

**(Against Defendant KEYES EUROPEAN and MERCEDES-BENZ OF ENCINO)**

43. Plaintiff incorporates herein by reference each and every allegation contained in the

preceding and succeeding paragraphs as through herein fully restated and re-alleged.

44. Plaintiff delivered the Subject Vehicle to Defendants KEYES EUROPEAN and MERCEDES-BENZ OF ENCINO for repairs on numerous occasions.

45. Defendant KEYES EUROPEAN and MERCEDES-BENZ OF ENCINO owed a duty to Plaintiff to use ordinary care and skill in storage, preparation, and repair of the Subject Vehicle in accordance with industry standards.

46. Defendant KEYES EUROPEAN and MERCEDES-BENZ OF ENCINO breached its duty to Plaintiff to ordinary care and skill by failing to properly store, prepare, and repair of the Subject Vehicle in accordance with industry standards.

47. Defendant KEYES EUROPEAN's and MERCEDES-BENZ OF ENCINO negligent breach of its duties owed to Plaintiff was a proximate cause of Plaintiff's damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For general, special, and actual damages according to proof at trial;
2. For rescission of the Purchase Agreement and restitution of all monies expended;
3. For diminution in value;
4. For incidental and consequential damages according to proof at trial;
5. For civil penalty in the amount of two times Plaintiff's actual damages;
6. For prejudgment interest at the legal rate;
7. For reasonable attorney's fees and costs of suit; and

For such other and further relief as the Court deems just and proper under the circumstances.

Dated: April 19, 2025

**CALI LAW FIRM, APC**

Debora Rostamkhani, Esq.
Attorneys for Plaintiff,
**MICHAEL AMINI**

Plaintiff, MICHAEL AMINI, hereby demands trial by jury in this action.